

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable L. A. Woods
Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. 0-7238
Re: Donation or sale to the
Philippine Islands of discarded
textbooks remaining the property
of the State.

This will acknowledge receipt of your inquiry of
May 20, 1946 requesting an opinion from this department upon the
captioned subject. We quote from your request as follows:

"A ruling from your office on the following
questions has been requested by the State Board
of Education:

"1. May the State Board of Education donate
to properly constituted educational authorities
of the Philippine Islands those free textbooks which
are still in usable condition and on which contracts
have expired, and which customarily would be re-
turned to the State Textbook Depository, Austin,
Texas for resale to publishers for the exchange al-
lowance or to be discarded and sold as waste paper?

"2. If the answer to the first question is in
the negative, then may the State Board of Education
donate to such agencies those out-of-adoption text-
books which do not carry an exchange allowance in the
contracts and sell to constituted educational agencies
of the Philippine Islands for the exchange allowance
those books supplied to the State under contracts car-
rying the exchange provision?"

You have cited Articles 2876b and 2876e. Article
2876b authorizes the State Superintendent of Public Instruction,
subject to the approval of the State Board of Education, to make

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable L. A. Woods - Page 2

such specific rules as he may deem proper in regard to the requisition, distribution, care, use and disposal of free textbooks; provided that such rules shall not conflict with the provisions of The Free Textbook Act, or with the uniform textbook law under the terms of which contracts for supplies and books are made with the publishers or with the terms of said contract. Article 2876e further specifically authorizes the State Superintendent of Public Instruction, with the approval of the State Board of Education, to provide for the disposition of such textbooks as are no longer in a fit condition to be used for purposes of instruction, or for discarded books remaining the property of the State.

This department, in previous Opinion No. O-5443, was requested to answer the following question by you:

"There are on hand in the State Depository at Austin many textbooks on various subjects which have accumulated because of the expiration of the contract for the particular books and replacement by adoption of other books in the subject field. The Board desires to know what authorities are empowered to dispose of such of these books as are neither under current adoption nor used as supplementary source material in the public free schools. Your attention is directed to Article 2876e of the Revised Statutes of 1925. The Board has been approached with a proposal for sale of the usable texts which have been discarded because of the expiration of the adoption period, and desires to be advised concerning its authority in the matter of the sale of these books, and of free textbooks which, because of condition, are no longer usable in the public free schools."

Our answer to the above-quoted inquiry in Opinion No. O-5443, after quoting Article 2876e, R. S. 1925, was as follows:

"This statute appears to deal specifically with the very essence of your inquiry, and supplies the answer thereto. While the books mentioned are not in an unfit 'condition to be used', they nevertheless are 'discarded books remaining the property of the State'. Therefore they may be disposed of by the State Superintendent of Public Instruction, with the approval of the State Board of Education.

Honorable L. A. Woods - Page 3

"The effect of this Statute requires the joint action--that is, by initiative and approval--of the State Superintendent and of the State Board to effect a sale."

With reference to the above-mentioned Statutes, 2876b and 8876e R. S. 1925, and the foregoing previous opinion of this department, it is our opinion in regard to the subject inquiry that the State Superintendent of Public Instruction and the State Board of Education have the joint power, to sell to constituted educational agencies of the Philippine Islands, or to any other agency, out-of-adoption textbooks or any other class of books which have at any time been adopted as textbooks and which are no longer in a fit condition to be used for purposes of instruction, or which are discarded books remaining the property of the State.

It is our further opinion, however, that we cannot approve the outright donation of such books as are described in the foregoing paragraph.

Reference is made to the State Constitution which provides in Section 3, Article 8:

"Taxes shall be levied and collected by general laws and for public purposes only."

Section 3 of Article 7 reads in part:

". . . . It shall be the duty of the State Board of Education to set aside a sufficient amount out of the said tax to provide free textbooks for the use of children attending the public free schools of the State."

Section 51, Article 3 recites that the Legislature shall have no power to make any grant, or authorize the making of any grant of public moneys to any individual, association of individuals, municipal or other corporations whatsoever, and Section 6, Article 16 provides that no appropriation for private or individual purposes shall be made.

In the case of Road District No. 4, Shelby County v. Allred (Sup Ct) 68 S.W. (2) 164, the court stated:

"It is the settled law of this State that the above-quoted Constitutional provision (Sec 51, Art 3) is intended to guard against and prohibit the granting

or giving away of public money except for strictly governmental purposes. The prohibition is an absolute one, except as to the class exempted therefrom, and operates to prohibit the Legislature from making gratuitous donations to all kinds of corporations, private or public, municipal or political."

Again in Bexar County v. Linden (Sup Ct) 220 S. W. 761, the court further held:

"No feature of the Constitution is more marked than its vigilance for the protection of the public funds and the public credit against misuse. This is exemplified by numerous provisions in the instrument.

"The giving away of public money, its application to other than strictly governmental purposes, is what the provision (Sec 51, Art 3) is intended to guard against. The prohibition is a positive and absolute one except as to a distinctive class to whom the State is under a sacred obligation (Confederate Pensions.) Not only are individuals, association of individuals and private corporations within its spirit, but all kinds of public or political corporations as well, whether strictly municipal or not."

And finally in Waples v. Marrast (Sup Ct) 108 Tex 5, 184 S. W. 180, the court held:

"It is essentially true that (Sec 3, Art VIII of the Constitution) does not permit taxation for all purposes which in a broad and general sense may be regarded as public, but expressly confines its exercise to only those public purposes with which the State, as a government invested with high and sovereign powers, but only as a grant from the people and, therefore, to be solely used for the common benefit of all of them and not as a paternal institution may justly concern itself, and to which, for that reason, the public revenue may be rightfully devoted . . . . It is not all things which answer a public need or fill a public want that it is with the authority of the State to furnish for the people's use or support at the public expense. Manufacturing industries,

railroads, public enterprises of many kinds, private schools and private charitable institutions all afford a service to the public, but the State is without any power to maintain them."

Considering the above-quoted Constitutional provisions and Supreme Court Decisions, it is our opinion that however wide and sweeping may be the discretion granted by Article 2876b and 2876e in disposing of textbooks, neither the Constitution nor the Legislature anticipated conferring power on the Superintendent of Public Instruction and the State Board of Education to donate public property to private agencies or to public agencies other than public agencies of the State of Texas, regardless of how laudable the purpose.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By W. N. Blanton, Jr.
     Assistant

APPROVED JUN 15, 1946

FIRST ASSISTANT
ATTORNEY GENERAL

WNB:lh:jm



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN